UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 3:94CR112(EBB) |
| | : | |
| ROBERT BURGOS | : | |

## RULING ON MOTION FOR REDUCTION IN SENTENCE PURSUANT TO 18 U.S.C. § 3582

The defendant, Robert Burgos ("Burgos"), moves for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10, based on Amendment 706 to the Sentencing Guidelines, which retroactively reduced by two levels the base offense levels of § 2D1.1 for crack cocaine offenses. The government opposes his motion on the ground that the Amendment would not have the effect of lowering Burgos's sentencing range. The court agrees.

### I.   Procedural and Factual Background

On July 18, 1995, Burgos pleaded guilty to a two-count information charging, in count one, assault with a deadly weapon in aid of racketeering, in violation of 21 U.S.C. § 1959(a)(3), and in count two, use of a telephone to facilitate a drug transaction, in violation of 21 U.S.C. § 843(b). In the stipulation of offense conduct ("Stipulation"), which was made part of his plea agreement, Burgos stipulated that he conspired with other members of the Latin Kings to distribute cocaine and cocaine base from November 1991 to October 1992, and during that time period he was responsible for the distribution of between 50 and 150 kilograms of cocaine and cocaine base. Burgos also stipulated that, based on the quantity of cocaine base, his base offense level was 38 pursuant to U.S.S.G. § 2D1.1(a)(3), which was the level in cases where the quantity of crack cocaine involved 1.5 kilograms or more. Further, the Stipulation provided that his offense conduct would result in a guideline range of 360 months to life, but because the statutory

maximum sentences for count one was 240 months and 48 months for count two, his total statutory maximum sentence was 288 months.

Because Burgos was convicted of two counts, the PSR calculated a combined offense level covering both counts. The applicable adjusted offense level for the assault count was 29. For the drug conspiracy count, his base offense level under § 2D1.1 was 38, based on the stipulated quantity of between 50 and 150 kilograms of cocaine and crack. Four levels were added for his role in the offense and two levels were added for possession of a firearm. After deducting two-levels for acceptance of responsibility, Burgos's combined adjusted offense level was 42. This offense level was higher than the offense level for the assault count, and thus it was used as the applicable adjusted offense level. With a criminal history category of II, his resulting guidelines range was 360 months to life.

Even though the guideline range was 360 months to life, his sentence was governed by the statutory maximum 20 year (240 month) sentence on the assault count and the statutory maximum 4 year (48 month) sentence on the drug count. See U.S.S.G. § 5G1.1(a) ("Where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence."). Because the highest maximum statutory sentence for either count, 240 months, was less than the guideline range of 360 months to life, his sentence on both counts would run consecutively. See id. § 5G1.2 (providing for concurrent sentences where the highest statutory maximum for any of the counts is adequate to achieve the total punishment, and for consecutive sentences where the highest statutory maximum of all counts is less than the guideline range). Accordingly, Burgos's applicable guideline range was the statutory maximum of 288 months (24 years).

Burgos was sentenced on November 28, 1995. Over Burgos's objections, the court (Nevas, J.) found the PSR's guidelines calculations to be correct based on the information contained in the Stipulation, the testimony of one of his co-conspirators, and other evidence. The court found Burgos was responsible for at least 50 kilograms of cocaine and cocaine base (but stated that it believed the quantity was significantly greater)[1] and that his resulting base offense level for count two was 38, and his adjusted offense level was 42. With a criminal history category II, his guidelines range was 360 years to life, but based on the statutory maximums that applied to the offenses of conviction, his applicable guideline range was 288 months. The court sentenced Burgos to the maximum term of 240 months on count one and to the maximum term of 48 months on count two, to run consecutively. Burgos is currently projected to be released from incarceration on April 4, 2017.

**I.    Discussion**

Amendment 706 generally reduces by two points the base offense levels corresponding to the crack quantity ranges set forth in § 2D1.1(c)'s drug quantity table. U.S.S.G. App. C, Amend. 706 (Nov. 1, 2007). Pursuant to 18 U.S.C. § 3582(c)(2), any reduction in a defendant's term of

---

[1] At sentencing, the court must identify a defendant's relevant conduct, which in the case of a drug offense, includes the quantity of drugs controlled by the defendant, whether as a principal or as a conspirator. See generally United States v. Shonubi, 103 F.3d 1085, 1088-89 (2d Cir. 1997) (discussing the guidelines' focus on "relevant conduct," rather than "convicted conduct"); U.S.S.G. § 1B1.3 (discussing relevant conduct). The quantity of drugs attributable to a defendant is a question of fact. As such, if the preponderance of the evidence, direct or circumstantial, supports the court's determination as to drug quantity, that finding cannot be challenged on appeal or collateral attack. United States v. Jones, 531 F.3d 163, 175 (2d Cir. 2008). Moreover, where, as in this case, there was no seizure of narcotics, the sentencing judge should "approximate" the relevant drug quantity, see id. § 2D1.1, app. n12, based on a preponderance of the evidence. See Jones, 531 F.3d at 174 (citing U.S.S.G. § 6A1.3). For these reasons, Burgos's claim that the court's findings as to drug quantity "are disputable" and can be recalculated by this court in connection with his motion for resentencing, is without merit.

3

imprisonment based on the amended guidelines must be consistent with the Sentencing Commission's relevant policy statements. The relevant policy statements instruct the district court, when considering whether a reduction is warranted, to "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines ... had been in effect at the time the defendant was sentenced" and "shall not reduce the defendant's term of imprisonment ... to a term that is less than the minimum of the amended guideline range...." U.S.S.G. §§ 1B1.10(b)(2)(A), 1B1.10(a)(3). The amended guideline range is calculated by substituting the amended offense levels of § 2D1.1(c), and leaving "all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). But even if the Amendment is applicable to a defendant, a sentence reduction is not authorized if it would not have the effect of lowering the defendant's applicable guideline range. U.S.S.G. § 1B1.10 n.1(A). Put another way, Amendment 706 only decreases the § 2D1.1 base offense level for crack cocaine offenses. It does not authorize a reduction in sentence unless a defendant's sentencing range is lowered by recalculating it on based on the amended offense level. See United States v. Martinez, — F.3d —, No. 08-3454-cr, 2009 WL 2004208, at *2 n.3 (2d Cir. July 13, 2009) (adopting United States v. Mateo, 560 F.3d 152, 155 (3d Cir. 2009)).

Moreover, the policy statements further provide that Amendment 706's two-level reduction does not "apply in a case in which ... the offense involved 4.5 kg or more ... of cocaine base." § 2D1.1 cmt n.10(D)(ii)(1). Because the court found that Burgos was responsible for at least 50 kilograms of cocaine and cocaine base, which is significantly higher than 4.5 kilograms, the relevant policy statement does not authorize the court to reduce Burgos's sentence pursuant to Amendment 706.

4

In any event, calculating the guideline range that would have been applicable to Burgos if Amendment 706 had been in effect at the time he was sentenced would not produce a different guideline range. Under the amended guidelines, the offense level that applies where the amount of crack is at least 1.5, but less than 4.5 kilograms, is reduced from 38 to 36. But the base offense level under the amended guidelines for defendants who are found to be responsible for 4.5 kilograms or more is 38. Thus, because Burgos's guideline base offense level for the amount of crack attributed to him remains at 38, the same as it was when he was sentenced in 1995, application of the Amendment would not lower his sentencing range, which would still be greater than the statutory maximum 288-month sentence he received. Thus, Amendment 706 does not have the effect of lowering Burgos's sentence.

Further, contrary to Burgos's arguments, the holding of United States v. Booker, 543 U.S. 220 (2005), does not govern his motion for resentencing. Booker only held that 18 U.S.C. § 3553(b) was unconstitutional because it required judges to sentence defendants in accordance with the sentencing guidelines. Booker, 543 U.S. at 232-33. In this case, the court does not apply §3553(b). Rather, the court's sole authority to resentence a defendant pursuant to the guideline changes made by Amendment 706 arises from 18 U.S.C. § 3582(c), which requires any resentencing to be "consistent with applicable policy statements issued by the Sentencing Commission." The relevant policy statements, as previously noted, only permit a sentence reduction if the crack cocaine amendments "have the effect of lowering the defendant's applicable guideline range" within the meaning of U.S.S.G. § 1B1.10(a)(2)(B). Because the guideline amendments do not alter Burgos's applicable base offense level or his guideline sentencing range, the court is statutorily barred from resentencing him.

III.   **Conclusion**

For the foregoing reasons, Burgos's motion to reduce sentence [doc. # 2011] is DENIED.

SO ORDERED.

/s/ Ellen Bree Burns, SUSDJ

ELLEN BREE BURNS
UNITED STATES DISTRICT JUDGE

Dated this 23 day of July, 2009 at New Haven, Connecticut.